UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF FLORIDA

A. Joseph Raetano,                                         Case No. 8:09cv2294-T30-TGW

      Plaintiff,

vs.

Crown Liquors of Broward, Inc.,

      Defendant.
_____/

## NOTICE OF FILING SETTLEMENT AGREEMENT

Defendant, CROWN LIQUORS OF BROWARD, INC. ("Crown"), hereby gives notice of filing the fully executed Settlement Agreement in this matter.

      Respectfully,

/s Colleen M. Flynn
Colleen M. Flynn
FBN 190470
JOHNSON, POPE, BOKOR, RUPPEL &
BURNS, L.L.P.
911 Chestnut Street
Clearwater, FL 33756-5643
Telephone: (727) 461-1818
Telefax: (727) 441-8617
Counsel for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy hereof has been served via electronic filing CM/ECF on Todd W. Shulby, Esq., 4705 S.W. 148 Avenue Suite 102, Davie, FL 33330-2417 on the 4th day of March, 2010.

/s Colleen M. Flynn

519850

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

A. JOSEPH RAETANO,

    Plaintiff,

vs.

CROWN LIQUORS OF BROWARD, INC.,

    Defendant.

Case No.: 8:09-cv-2294-T30-TGW

## SETTLEMENT AGREEMENT

It is hereby agreed by and between plaintiff, A. JOSEPH RAETANO ("plaintiff") and defendant, CROWN LIQUORS OF BROWARD, INC. ("defendant"), as follows:

Whereas, plaintiff filed this action against defendant in the United States District Court for the Middle District of Florida, Case No.: 8:09-cv-2294-T30-TGW for alleged violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, pursuant to which plaintiff sought a permanent injunction and attorneys' and expert's fees, litigation expenses and costs ("the Action");

Whereas, plaintiff filed this action against defendant for alleged violations at the property commonly referred to as RAC Shopping Center, 7020 49th Street North, Pinellas Park, Florida ("the Facility"). Defendant represents that the Facility was built between 1974 and 1975.

Whereas, defendant does not admit, and expressly denies, any violations of any federal, state or local statute (including, but not limited to, the ADA and ADAAG), and state or municipal fire safety or building code or any other wrongdoing or liability;

Whereas, the aforementioned parties desire to avoid further expense, time, effort and uncertainty in regard to this action;

Whereas, plaintiff and defendant have agreed to a settlement of the Action;

Now, therefore, in consideration of the premises and the mutual covenants and undertakings contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the parties, the parties agree to the following terms and conditions as full and complete settlement of the Action:

## ADA ACCESSIBILITY AND BARRIER REMOVAL

1. Plaintiff alleges in the Action that certain physical barriers to access at the Facility exist that restrict and/or limit his access to the Facility. In settlement of the Action, including any allegations or claims made or which plaintiff could have made in the Action, defendant shall cause the following alterations and modifications to be at the Facility:

**Exterior of Facility**

    **A.**    **Parking:**

        1.    Defendant will provide 5 accessible parking spaces that meet the criteria provided in ADAAAG 4.1.2(5) and will continue to provide at least 5 spaces so long as it continues to have between 101 and 150 parking spaces.

        2.    The accessible parking spaces will be evenly dispersed and located close to the entrances per ADAAG 4.6.2.

        3.    The accessible parking spaces will comply with ADAAG 4.6.3 and 4.6.4.

    **B.**    **Ramps:**

        1.    Defendant will provide two ramps (one in the front and one at the Southwest corner of the current Bar that services the main South Bar door and connects the public sidewalk) that will comply with ADAAG 4.8.2; 4.8.3; 4.8.4; 4.8.6; and 4.8.7;

    **C.**    **Doors:**

1. The exterior common public use doors at the Facility will be fitted with hardware complying with ADAAG 4.13.9.

    **D.**    **Entrance to Tenant Spaces:**

1. The thresholds to the Tenant Spaces will comply with ADAAG 4.13.8.

    **E.**    **Path of Travel:**

1. Defendant will install asphalt to smooth the unlevel changes in the path of travel between the public sidewalk and the main South Bar door to comply with 4.5.2.

2. Defendant will remove the red fence that is currently blocking the public sidewalk connection to comply with ADAAG 4.3.2.

**Rent A Center**

For the time during which the tenant space is used as Rent A Center, the following modifications will be made:

1. An auxiliary counter will be provided or the counter lowered to comply with ADAAG 7.2;

2. Rent A Center does not have a public use restroom. The restroom is to be used by employees and the restroom is only to be used by the public in extenuating circumstances. Extenuating circumstances will be determined on a case by case basis such as when a patron indicates some type of illness or immediacy of need of use of the restroom. Extenuating circumstances will be subject to a "reasonable person" standard of interpretation. However, in no instance will the non-public use restroom be marked as to indicate open availability to patrons.

**Harlie's Bar**

For the time during which the tenant space is used as Harlie's Bar, the following modifications will be made:

1. Five percent (5%) of the seating per ADAAG 5.1 will comply with ADAAG 4.32.3 providing knee clearance of 27 inches high, by 30 inches wide, and 19 inches deep to meet the criteria provided in ADAAG 4.32.3.

2. **Men's Restroom:** The following modifications will be made in the men's restroom:

   a. The signage on the exterior door will comply with ADAAG 4.30.4; 4.30.6, and 4.30.7;
   b. The main restroom door will be widened to comply with 4.13.5;
   c. The interior vestibule door and frame will be removed;
   d. Pipe wraps will be added to exposed plumbing per ADAAG 4.19.4;
   e. The mirror will be lowered to comply with ADAAG 4.19.6;
   f. The sink hardware will comply with ADAAG 4.19.5; 4.27.4;
   g. A 60 by 60 accessible stall will be installed complying with ADAAG: 4.17.3; 4.2.3; 4.2.4.1; 4.2.4.2; 4.17.6; 4.17.5; 4.16.6;
   h. One urinal will be wall mounted with rim at maximum 17 inches above the floor and flush lever at maximum 44 inches above the floor and will comply with ADAAG 4.18.2; 4.18.4 and 4.27.4; and,
   i. replace the door hardware to comply with ADAAG 4.13.9;

3. **Women's Restroom:** The following modifications will be made in the women's restroom:

   a. The signage on the exterior door will comply with ADAAG 4.30.4; 4.30.6, and 4.30.7;
   b. The main restroom door and vestibule door will be widened to comply with 4.13.5;
   c. A 60 by 60 accessible stall will be installed complying with ADAAG: 4.17.3; 4.2.3; 4.2.4.1; 4.2.4.2; 4.17.6; 4.17.5; 4.16.6; and,
   d. One lavatory will be provided complying with ADAAG 4.19.2; 4.19.3, 4.19.4 and 4.19.5.

**Other:**

1. Defendant will send a letter to all of the current tenants who are public accommodations as defined by the ADA and advise future tenants who are public accommodations as defined by the ADA upon the signing of the lease advising them that if their check-out and counter is in excess of 36" they must have a flip down shelf if space permits or have a clipboard available for use by individuals with disabilities at the check stand and that they must implement a policy to arrange racks and displays as necessary to provide aisles for persons with disabilities and otherwise take such measures as are necessary to provide accessibility to persons with disabilities as is required under the ADA.

2. All references to ADAAG guidelines will be those guidelines in effect as of the date the Settlement Agreement is executed by the parties. Plaintiff shall have no cause of action against defendant or its tenants or leasees for any changes in the ADAAG guidelines after the date of execution of the Settlement Agreement.

3. The parties acknowledge and stipulate that the alterations and modifications agreed to in this Settlement Agreement constitute, for the purposes of Title III of the ADA, its implementing regulations and standards, readily achievable and technically feasible measures for the removal of barriers to access at the Facility.

4. The alterations and modifications agreed to above shall be completed in all respects by January 15, 2011. The time period for completion by defendant shall be subject to acts of God, force majeure, or events beyond the control of defendant such as inability to obtain building or zoning permits, failure of the city/county inspectors to make inspections, contractor defaults or work stoppages. In the event of such unforeseen circumstances, the time period for completion of the alterations and modifications provided in paragraph 1 will be extended by the number of days reasonably attributable to such delay-causing event as long as defendant immediately provides written notice to Todd W. Shulby, Esq., Todd Shulby, P.A., 4705 S.W. 148 Avenue, Suite 102, Davie, FL  33330-2417 and makes a good faith effort to effect implementation as soon as reasonably possible thereafter.

## RIGHT OF INSPECTION

5. Upon completion of the alterations and modification provided in paragraph 1, defendant shall notify plaintiff, in writing to their attorney, Todd Shulby, Todd Shulby, P.A.,

4705 S.W. 148 Avenue, Suite 102, Davie, FL 33330-2417, of such completion and shall afford plaintiff and his expert and attorney reasonable access to the Facility to verify completion of the work required by paragraph 1 provided that plaintiff, his expert and attorney, provide 7 days written notice to Colleen Flynn, Johnson, Pope, Bokor, Ruppel & Burns, LLP., 911 Chestnut Street, Clearwater, FL 33756-5643, of their intent to inspect the premises.

6. Prior to filing a Motion for Enforcement of the Settlement Agreement with the Court, plaintiff will notify defendant via its counsel as listed in paragraph 6 in writing via certified mail of any alleged non-compliance with the Settlement Agreement and allow defendant 21 days to remedy any alleged violations of the Settlement Agreement. In plaintiff's discretion, the time shall be extended provided defendant provides plaintiff with a satisfactory reason for the delay, and plaintiff finds that defendant has acted in good faith and has substantially complied with the provisions of this Settlement Agreement, and defendant promptly begins diligent efforts to effect a remedy and it is not reasonably practicable to complete the remedy within 21 days.

7. In any action to enforce the Settlement Agreement, the prevailing party shall be entitled to their reasonable attorney's fees, litigation expenses, and costs in accordance with 42 USC §12205.

**PLAINTIFF'S REASONABLE FEES, EXPENSES AND COSTS**

8. Although defendant denies that any violations existed at the Facility, defendant shall pay plaintiff Five Thousand Five Hundred Dollars ($5,500.00) for the reasonable attorneys' fees, litigation expenses and costs, including expert's fees, (as provided in 42 U.S.C. §12205) incurred in this matter ("settlement proceeds") within five (5) days of the Court's dismissal of this action. Plaintiff, his attorneys and experts acknowledge payment of the above and hereby

release Defendant and any and all of his heirs, assigns, subsidiaries, affiliates, directors, officers, tenants, lessees, employees, parents, attorneys, and agents, jointly and severally, from any and all claims for attorneys' fees, litigation expenses and costs, including expert's fees (as provided in 42 U.S.C. §12205), incurred in this matter. Except as set forth herein, each party agrees to bear its own attorney's fees, litigation expenses and costs.

## RELEASE OF CLAIMS

9.  Plaintiff hereby releases defendant and any and all of its subsidiaries, affiliates, directors, officers, employees, tenants, leasees, parents, attorneys, and agents, jointly and severally, from any and all claims pursuant to Title III of the ADA regarding the Facility, and any and all other claims plaintiff could have asserted with regard to the Facility under any other federal, state, or local law governing physical access features for persons with disabilities at public accommodations, such as the claims that were asserted or could have been asserted in the above-captioned action. This release does not limit plaintiff's ability to enforce defendant's compliance with the terms of this Settlement Agreement. Nothing herein shall be construed as a release or waive of any claim plaintiff may have against any property or facility other than the subject Facility. Defendant hereby releases, acquits, remises and forever discharges plaintiff from any and all claims, causes, damages, demands, liabilities, equities and any and all other claims, whether known or unknown, from the beginning of the world to the date of this Settlement Agreement, including without limitation any claims relating in any way to this Facility. This release does not limit any party's ability to enforce another party's compliance with the terms of this Settlement Agreement.

10. It is the intent of the parties that plaintiff will not hereafter assert or claim that defendant or its tenants or leasees are required to make additional or different modifications to the existing Facility, or are required to follow different standards other than that which is set forth herein nor attempt to enforce standards regarding physical access features of the existing Facility which conflict with what is agreed herein. All modifications will be governed by the regulations in effect on the date the Settlement Agreement is executed.

## STIPULATION FOR DISMISSAL WITH PREJUDICE

11. The Parties agree that immediately following the execution and exchange of this Settlement Agreement, their counsel will execute a stipulation to dismiss this matter with prejudice that will immediately be filed with the Court for the entry of an order consistent with the stipulation.

## ENTIRE UNDERSTANDING

12. This Settlement Agreement constitutes the entire understanding and agreement of the parties and supersedes all prior or contemporaneous negotiations or agreements (written or oral) and cannot be modified, amended or revoked except by the express written agreement signed by all parties.

## SEVERABILITY

13. If any provision of this Settlement Agreement or any part of any provision of this Settlement Agreement is found to be invalid by a Court of competent jurisdiction, such shall not affect the validity of any other provision(s) or part(s) of this Settlement Agreement

## EXECUTION

14. The parties have read and understood the Settlement Agreement, have had the opportunity to discuss same with legal counsel, and have voluntarily agreed to sign the Settlement Agreement and to be bound by it.

15. Each person executing this Settlement Agreement on each party's behalf has been duly authorized to sign on behalf of the respective party and to bind each to the terms of this Settlement Agreement.

16. The parties agree that this Settlement Agreement may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

**A. JOSEPH RAETANO, INDIVIDUALLY**

_____

Date_____

**CROWN LIQUORS OF BROWARD, INC.**

By _*[signature]*_

Title  C E O

Print Name  Paul Kassal

Date  2-15-10

14. The parties have read and understood the Settlement Agreement, have had the opportunity to discuss same with legal counsel, and have voluntarily agreed to sign the Settlement Agreement and to be bound by it.

15. Each person executing this Settlement Agreement on each party's behalf has been duly authorized to sign on behalf of the respective party and to bind each to the terms of this Settlement Agreement.

16. The parties agree that this Settlement Agreement may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

A. JOSEPH RAETANO, INDIVIDUALLY

*/s/ Joseph Raetano*

_____

Date_____

CROWN LIQUORS OF BROWARD, INC.

By_____

Title_____

Print Name_____

Date_____